In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00371-CV
_____

IN RE COMMITMENT OF RAUL AMADO QUINTERO

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-12-13175-CV

**MEMORANDUM OPINION**

Raul Amado Quintero challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (the SVP statute). In two issues, Quintero challenges the trial court's pre-trial ruling on a motion to compel responses to requests for admission and its denial of a motion to strike the testimony of the State's expert witness asserted

after the close of evidence.[1]  We conclude that Quintero's issues do not present reversible error, and we affirm the trial court's judgment.

## Requests for Admissions

Quintero presented eleven requests for admissions to the State in pre-trial discovery. The State asked for a protective order on the grounds that the requests invaded the work product privilege and that some of the requests were more appropriately addressed through witnesses with knowledge of the requested information. Quintero moved to compel the State to answer requests that did not involve privileged matters and were within its knowledge. The trial court did not require the State to admit or deny the following requests for admissions:

(1) "The State has no evidence that [Quintero] has committed any sexual misconducts while incarcerated at the Texas Department of Criminal Justice[;]" and

(2)  "The State has no evidence that [Quintero] has committed any sexual offenses while incarcerated at the Texas Department of Criminal Justice."

On appeal, Quintero contends the trial court abused its discretion and that the trial court's ruling prevented Quintero from properly presenting his case on appeal.

"The primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy; to obviate in advance

---

[1] While appellant asserted a third issue in his brief regarding the trial court's refusal to submit certain requested jury questions, by correspondence to the court during the pendency of the appeal, appellant abandoned that issue.

of trial, proof of obviously undisputed facts." *In re Commitment of Jackson*, No. 09-12-00291-CV, 2013 WL 5874446, at *1 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.). Because a judgment will be reversed only for an erroneous ruling that probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal, a pre-trial ruling that prevents a party from having to respond to requests for admissions will generally be harmless if the appellant had access to other sources to obtain the information he sought in the requests for admissions. *See In re Commitment of Young*, 410 S.W.3d 542, 549-50 (Tex. App.—Beaumont 2013, no pet.). The record reflects that the State produced to Quintero copies of business records obtained from the Texas Department of Criminal Justice, including copies of Quintero's multidisciplinary records, sex offender treatment records, and penitentiary packets, approximately six weeks before trial. Further, Quintero deposed the State's expert before trial. Therefore, Quintero had an opportunity to discover whether the State's expert had identified or relied on any alleged sexual offenses or incidents of sexual misconduct committed by Quintero during his incarceration in forming her opinions. *Id.* at 550. The trial court's ruling, therefore, did not prevent Quintero from preparing for trial.

Quintero contends that because the trial court did not require the State to admit or deny that it had no evidence that he had committed sexual offenses or

sexual misconduct during his incarceration, Quintero had to establish through his own testimony that he had no prison disciplinary history. This testimony about Quintero's disciplinary history appears in the record, and Quintero's counsel was able to argue to the jury that the last documented act of deviance by Quintero occurred in 1996 and that his lack of prison disciplinary history was important because it showed Quintero "can follow the rules." The trial court's ruling did not prevent Quintero from defending his case at trial or from presenting his case on appeal. *See In re Commitment of Bunn*, No. 09-12-00349-CV, 2013 WL 5874460, at *1 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.).

Based on a review of the entire record, we cannot conclude that any error by the trial court in granting the State's motion for protective order caused the rendition of an improper judgment under the circumstances, or prevented Quintero from presenting his case on appeal. *See* Tex. R. App. P. 44.1(a). We overrule issue one.

**Motion to Strike Testimony**

Testifying for the State during Quintero's trial, a psychiatrist, Dr. Sheri Gaines, offered her opinion about whether Quintero has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Quintero moved to strike all of Dr. Gaines's testimony after both sides rested. No grounds

4

were stated on the record, but a written motion filed with the trial court stated that Dr. Gaines's testimony should be excluded because

> Dr. Gaines'[s] opinion is based on her misunderstanding of Chapter 841 of the Texas Health & Safety Code, unreliable reasoning that has not been accepted by the scientific community because the underlying scientific theory is not valid, the technique applying the theory is not valid, and because the technique used by Dr. Gaines has not been properly applied in the instant case.

On appeal, Quintero argues the trial court erred in denying his motion.

As evidentiary support for his argument that the trial court abused its discretion by denying Quintero's non-contemporaneous motion to strike Dr. Gaines's testimony after she testified, Quintero refers this Court to a single question and response from Dr. Gaines's extensive testimony. During cross-examination, Quintero's counsel asked, "And it's a fact that no expert in these kind of cases are [sic] even knowledgeable what their rate of error is; is that right?" Dr. Gaines replied, "Yeah. I don't really know what that means even to monitor rate of error." Quintero does not refer the Court to any evidence in the record to support an argument that Dr. Gaines's response to this question reveals that her testimony was not based upon accepted psychiatric techniques or that she failed to properly apply accepted psychiatric techniques in forming her opinion in this case.

Dr. Gaines is licensed in the field of psychiatry and experienced in conducting psychiatric evaluations. She described her clinical practice and her

5

experience providing expert testimony in SVP commitment trials. She explained the methodology employed by experts in her field, she described how she applied that methodology in this case, and she explained in detail the facts and evidence relevant in forming her opinion and how those facts played a role in her evaluation. The trial court did not abuse its discretion in denying Quintero's motion to strike Dr. Gaines's testimony.[2] *See In re Commitment of Cox*, No. 09-13-00316-CV, 2014 WL 1400667, at \*3 (Tex. App.—Beaumont Apr. 10, 2014, no pet. h.) (mem. op.); *In re Commitment of Mitchell*, No. 09-12-00607-CV, 2013 WL 5658425, at \*2 (Tex. App.—Beaumont Oct. 17, 2013, pet. denied) (mem. op.). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 2, 2013
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2] Because we determine the trial court could have reasonably found the expert's testimony reliable, we do not decide whether the trial could have, as an alternate ground, denied the motion to strike for the reason it was not made at the earliest opportunity. *See* Tex. R. Evid. 103(a)(1).